## Jenkintown Bank & Trust Company's Petition

*Samuel H. High, Jr.,* of *High, Dettra & Swartz,* for petitioner.

KNIGHT, P. J., October 29, 1943.—This matter involves a question of practice in proceedings to satisfy a lost mortgage, under the provisions of the Act of June

8, 1911, P. L. 717. As proceedings under this act are of common occurrence in this court, we felt that the question raised by petitioner should be considered by the court en banc, so that a uniform practice could be established for the benefit of the court and the profession.

We adopt the statement of facts, as contained in the brief of petitioner: "The petition averred the execution of the original bond and mortgage from Charles A. Ambler to Edwin S. Lever, Jr., and further averred that there were certain assignments of said mortgage so that it now vested in the petitioner. The petition averred also that the mortgage had been lost or mislaid, that it could not be found, and that it had been paid, and prayed the court for a decree authorizing it to satisfy the mortgage by its duly-constituted attorney. The petition was joined by the owner of the property and an affidavit was attached signed by Samuel H. High, Jr., certifying that he examined the margin of the record of the mortgage, recorded in the office of the Recorder of Deeds in and for the County of Montgomery, and that he had found noted on the said margin certain assignments of said mortgage to which he certified showing title vesting in the petitioner. It has been the usual custom in this county when presenting petitions for the satisfaction of lost mortgages under the Act of June 8, 1911, P. L. 717, to have attached thereto a certificate signed by the recorder of deeds certifying that he, the recorder, has examined the records and found that there are or are not certain assignments of said mortgage. For this certification a recorder of deeds receives a fee which in the normal and average case is nominal. However, when searching a mortgage which has been assigned by a large bank or trust company having a great many mortgages assigned to it and by it recorded in the county there will be found of record necessarily many entries of assignments to and from said trust company or bank. It has been the custom and practice of the recorder of deeds,

before making any certification as to assignments, to inspect the mortgage indices and to also inspect every assignment made by a bank or trust company appearing in the chain of title of the mortgage in question. The work attached to this method of checking assignments is necessarily voluminous and reasonable compensation for such work may very quickly amount to the neighborhood of $50. According to information from the recorder of deeds in connection with a certification regarding assignments of the mortgage contained in the petition now before your Honorable Court, it may be necessary for the recorder to inspect some 1,700 dockets, there being easily that many assignments by the Jenkintown Bank & Trust Company during the period beginning with the assignment of the mortgage to it in 1922."

The Act of 1911, supra, gives broad powers to the court in the matter of the satisfaction of lost mortgages. It provides in part, sec. 1:

". . . the said court, sitting as a court of equity, shall have power to examine into the facts of the case and the complaint or grievance, and to grant such relief, and make such orders and decrees therein, as the necessities of the case may in justice and equity require, as fully to all intents and purposes as if the remedy were herein particularly prescribed and set forth."

In exercising these broad powers it is not only the right but the duty of the court to satisfy itself by all reasonable means that the original mortgage has been lost, and that the person who desires to have the mortgage satisfied is the titleholder and real owner thereof. The court therefore examines the averments, supported by oath, of the petition, and requires, as provided in the act, that the parties in interest join in the prayer of the petition.

In addition, the predecessors of the present judges of this court adopted the practice of requiring a certificate from the recorder of deeds of the county, cer-

tifying to all assignments of the mortgage. This was required as corroboration of the averments of the petition as to the titleholder of the obligation.

We think this was a wise practice, and we have continued it, and believe that it should be continued. It has been suggested that this certificate could be made by a member of this bar; and there have been occasions when the certificate of a title company was accepted in lieu of the certificate of the recorder.

We are of the opinion, however, and so direct, that hereafter all petitions under the Act of 1911, supra, must be accompanied by the certificate of the recorder of deeds of this county, which certificate shall set forth, in the manner hereinafter stated, all assignments of the mortgage in question, or the fact that there are no assignments of the mortgage.

The Act of April 6, 1876, P. L. 18, provides: "That from and after the passage of this act, it shall be the duty of the recorders of deeds, of the several counties of this commonwealth, to enter upon the margin of the record of any mortgages, the book and page wherein any assignment or assignments of the same are recorded, together with the date of such assignment, for which service the recorders aforesaid shall charge and be entitled to receive the sum of ten cents for every assignment entered upon the margin of the original record of the mortgage."

We must assume that since 1876 the recorder of deeds has performed his duty, and that all assignments have been noted on the margin of mortgage records. The only purpose of searching indexes and examining the record of every assignment discovered is to check and verify the work of the recorder, and it is unfair that this should be done at the expense of a petitioner under the provisions of the Act of 1911. A certificate in the following form will be considered sufficient and satisfactory to the court:

"I, . . . . . . Recorder of Deeds, do hereby certify that I have examined the record of a certain mortgage given by . . . . . . to . . . . . . dated the . . . . . . day of . . . . . . and recorded in mortgage book no. . . . . . . page . . . . . to secure the sum of . . . . . dollars, and that I find no assignments noted on the margin of said record except . . . . . ."

In the case of a mortgage recorded before the year 1877, the practice as to searches for assignments prior to 1877 shall be as heretofore.

And now, October 29, 1943, the petition is returned to the petitioner in order that a certificate from the recorder of deeds may be obtained, in accordance with the above opinion.